UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

VICHAI SALY,

Petitioner,

v.

RON HAYNES,

Respondent.

Case No. 3:20-cv-05768-BHS-TLF

ORDER GRANTING AN
EXTENSION OF TIME TO REPLY,
AND DENYING MOTION TO
APPOINT COUNSEL

Petitioner proceeds pro se in this habeas corpus action pursuant to 28 U.S.C. § 2254. The petition has been served and respondent has filed an answer. This matter is before the Court on petitioner's motion seeking appointment of counsel (Dkt. 13). For the reasons set forth below, petitioner's motion is DENIED without prejudice.

Counsel need not be appointed in cases brought under 28 U.S.C. § 2254, unless an evidentiary hearing is required or such appointment is "necessary for the effective utilization of discovery procedures." *See McCleskey v. Zant*, 499 U.S. 467, 495 (1991); *United States v. Duarte-Higareda*, 68 F.3d 369, 370 (9th Cir. 1995); *United States v. Angelone*, 894 F.2d 1129, 1130 (9th Cir. 1990); *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983); Rules Governing Section 2254 Cases in the United States District Courts 6(a) and 8(c). The Court also may appoint counsel "at any stage of the case if the interest of justice so requires." *Weygandt*, 718 F.2d at 754. In deciding whether to appoint counsel, the Court "must evaluate the likelihood of success on the merits as

ORDER GRANTING AN EXTENSION OF TIME TO
REPLY, AND DENYING MOTION TO APPOINT
COUNSEL - 1

1   well as the ability of the petitioner to articulate his claims pro se in light of the complexity

2   of the legal issues involved." *Id.*

3        Here, an evidentiary hearing is not likely to be required. Respondent's answer

4   asserts the Court lacks subject matter jurisdiction over this action, as petitioner

5   challenges a 1995 conviction and sentence – a term that he has already served – and

6   petitioner should therefore not be considered "in custody" for purposes of this § 2254

7   petition. At this point, it does not appear that the Court requires additional briefing or a

8   hearing to determine the issue of jurisdiction.

9        Petitioner has also not shown a likelihood of success on the merits as, based

10   upon the briefing currently before the Court, it appears the petition may be barred by the

11   statute of limitations. Furthermore, it appears at this point that petitioner is able to

12   adequately articulate his claims pro se. Among the reasons petitioner provides in his

13   request for counsel is the assertion that pandemic protocols at his facility have hindered

14   his ability to reply to the Respondent's answer. The Court construes a pro se litigant's

15   motions liberally, and therefore interprets this as a request for an extension of time in

16   which to file a reply.

17        Accordingly, the Court extends petitioner's deadline to reply to **April 23, 2021**,

18   and DENIES petitioner's motion for appointment of counsel (Dkt. 13) without prejudice.

19

20

21

22

23

24

25   ORDER GRANTING AN EXTENSION OF TIME TO
REPLY, AND DENYING MOTION TO APPOINT
COUNSEL - 2

1    Later in the proceedings, if exceptional circumstances would require appointment

2    of counsel in the interest of justice, the Court would consider a renewed request.

3    Dated this 18th day of March, 2021.

*Theresa L. Fricke*

Theresa L. Fricke
United States Magistrate Judge

ORDER GRANTING AN EXTENSION OF TIME TO
REPLY, AND DENYING MOTION TO APPOINT
COUNSEL - 3