UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| VICHAI SALY,<br><br>        Petitioner,<br>    v.<br><br>RON HAYNES,<br><br>        Respondent. | Case No. C20-5768 BHS-TLF<br><br>REPORT AND RECOMMENDATION<br><br>NOTING DATE: DECEMBER 2, 2021 |

This matter comes before the Court on a petition for writ of habeas corpus under 28 U.S.C. 2254, challenging the legality of the petitioner's 1995 Pierce County Superior Court convictions.  Dkt 12, State Court Record, at 2-11 (Judgment and Sentence in Pierce County Superior Court Case No. 94-1-04921-8). Respondent has filed an answer to the petition and argues that petitioner cannot challenge his 1995 conviction and sentence in this federal habeas proceeding because the sentence imposed for that conviction expired before the instant petition was filed. Dkt. 15 at 1-2.

The Court, having reviewed the petition, respondent's answer, and the balance of the record, concludes that petitioner's federal habeas petition and this action should be dismissed with prejudice. Further, the request for an evidentiary hearing should be denied, and a certificate of appealability should be denied, as explained below.

REPORT AND RECOMMENDATION - 1

# BACKGROUND

In 1995, the petitioner was convicted in Pierce County Superior Court for the crimes of assault in the second degree (three counts) and taking a motor vehicle without permission. Dkt 12 at 2-11. He did not appeal from his 1995 judgment and sentence. Instead, petitioner filed a pro se personal restraint petition (PRP), arguing that he had a right to be remanded to juvenile court, which was violated when the adult court entered judgment and sentence without a decline hearing. Dkt. 12 at 22-55 (PRP filed 9-18-2017). The Washington State Court of Appeals denied the PRP. Dkt. 12 at 164-172 (Unpublished Opinion, Court of Appeals Cause No. 50884-2-II filed 12-17-2019). The Washington Supreme Court denied review (Dkt. 12 at 174-189 (Motion for Discretionary Review, Supreme Court Cause No. 98088-8)), and on July 8, 2020, the Court of Appeals issued a certificate of finality. Dkt. 12 at 217.

Petitioner is currently in custody at the Washington State Penitentiary at Walla Walla serving a sentence imposed by the King County Superior Court for a 2005 first degree murder conviction. Dkt. 12 at 13 (Report and Recommendation, USDC Cause No. 2:10-cv-01143-RSL). Petitioner filed a federal habeas corpus petition on July 14, 2010, challenging his 2005 conviction. Dkt. 12 at 14. On October 18, 2010, this Court recommended that petitioner's habeas petition be denied and dismissed with prejudice. *Id.* The Court adopted the Report and Recommendation thereby dismissing petitioner's habeas petition with prejudice and denying a certificate of appealability. Dkt. 12 at 19-20 (Order Dismissing Petition for Writ of Habeas Corpus, U.S. District Court Cause No. 2:10-cv-01143-RSL).

NOTING DATE: DECEMBER 2, 2021 - 2

## DISCUSSION

Respondent argues that petitioner cannot challenge his 1995 convictions in this Court under 28 U.S.C. § 2254 because petitioner completed his sentence before he filed his federal petition. Respondent is correct.

A writ of habeas corpus may issue only upon a finding that a prisoner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *see also* 28 U.S.C. § 2254(a). A federal habeas petitioner must be presently "in custody" -- under the conviction or sentence the petitioner is attacking at the time the petition is filed. *Maleng v. Cook*, 490 U.S. 488, 490-491 (1989).

When a petitioner has served their time and they are no longer under the legal obligations of the sentence because it has fully expired, then the petitioner is precluded from challenging that particular conviction and sentence because he is no longer "in custody" for purposes of federal habeas review. *Id.*; *Brock v. Weston*, 31 F.3d 887, 889-90 (9th Cir. 1994). But if a habeas petitioner is presently in custody as a result of a different conviction and sentence, and an expired conviction and sentence has been used as an element of the crime, or to enhance the petitioner's current sentence, the petitioner is "in custody" with respect to the subsequent conviction for purposes of federal habeas review. *See Maleng*, 490 U.S. at 493; *Brock*, 31 F.3d at 889-90.

The record makes clear that the sentence under attack in this action expired years before this federal habeas action was filed in July 2020. Although petitioner is currently confined, he is not presently in custody pursuant to the judgment and sentence

he seeks to challenge in this federal habeas corpus petition. Dkt. 12 at 164 (noting that petitioner finished serving his sentence for the 1995 convictions in 2001).

Further, even if the Court were to construe this petition as a challenge to his present custody under the 2005 judgment and sentence, the case should still be dismissed. Petitioner does not show that his 1995 conviction was an element of the offense, was a consecutive sentence, or was used to enhance the sentence for the 2005 conviction. And, under 28 U.S.C. § 2244(b), the Court would lack jurisdiction because this is a successive petition; petitioner already filed a habeas petition collaterally attacking his 2005 conviction; that petition was denied and dismissed with prejudice. Dkt. 12 at 19-20 (Order Dismissing Petition for Writ of Habeas Corpus, U.S. District Court Cause No. C10-1143-RSL). *Burton v. Stewart,* 549 U.S. 147, 152-153 (2007). Petitioner has not argued that he has applied for and received an order under 28 U.S.C. § 2244(A) from the United States Court of Appeals for the Ninth Circuit.

Therefore, this Court lacks 28 U.S.C. § 2254 subject matter jurisdiction over this federal habeas corpus petition and it should be dismissed with prejudice.

## EVIDENTIARY HEARING

The decision to hold a hearing is committed to the Court's discretion. *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). "[A] federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Schriro*, 550 U.S. at 474. In determining whether relief is available under 28 U.S.C. § 2254(d)(1), the Court's review is limited to the record before the state court. *Cullen v. Pinholster*, 131 S.Ct. 1388 (2011). A hearing is not required if the allegations would not entitle petitioner to relief

under 28 U.S.C. § 2254(d). *Schriro,* 550 U.S. at 474. "It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Id.*; see also *Cullen,* 131 S. Ct. 1388 (2011). "[A]n evidentiary hearing is *not* required on issues that can be resolved by reference to the state court record. *See Totten v. Merkle*, 137 F.3d 1172, 1176 (9th Cir. 1998) (emphasis in original).

Because, as discussed above, the record demonstrates that the Court lacks subject matter jurisdiction thereby precluding habeas relief, no evidentiary hearing is required.

## CERTIFICATE OF APPEALABILITY

If the District Court adopts the Report and Recommendation, it must determine whether a certificate of appealability ("COA") should be issued regarding Mr. Saly's habeas petition.  Habeas Rule 11(a), Rules Governing Section 2254 Cases in the United States Dsitrcit Courts ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.")  A COA may be issued only where a petitioner has made "a substantial showing of the denial of a constitutional right."  *See* 28 U.S.C. § 2253(c)(3).  A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

In this case, a COA should not be issued.  No jurist of reason could disagree with the proposition that subject matter jurisdiction has not been established. Petitioner

NOTING DATE: DECEMBER 2, 2021 - 5

should address whether a COA should issue in his written objections, if any, to this Report and Recommendation.

## CONCLUSION

Based on the foregoing, the undersigned recommends that the Court dismiss the petition for writ of *habeas corpus* with prejudice.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **December 2, 2021**, as noted in the caption.

Dated this 18th day of November, 2021.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge